1

2                          UNITED STATES DISTRICT COURT

3                                DISTRICT OF NEVADA

4

5    TRILLIUM PARTNERS, L.P.,

6                    Plaintiff,                    Case No. 2:24-cv-00562-ART-BNW

           vs.
7                                                  ORDER ON PLAINTIFF'S MOTION
     SANWIRE CORPORATION,                              FOR DEFAULT JUDGMENT
8                                                          (ECF No. 10)
                    Defendant.
9

10            Plaintiff Trillium Partners, L.P. brings this action against Defendant

11   Sanwire Corporation alleging breach of contract. Before the Court is Plaintiff's

12   motion for default judgment. (ECF No. 10.) For the reasons discussed below, the

13   Court grants Plaintiff's motion for default judgment, and grants Plaintiff leave to

14   file separate briefing on the issue of damages and reasonable attorneys' fees and

15   costs.

16   **I.      BACKGROUND**

17            Plaintiff alleged the following relevant facts in their complaint:

18            On October 7, 2021, Defendant executed a Convertible Promissory Note

19   Agreement ("Note"), in the principal amount of $115,000.00. (ECF No. 10-1.) In

20   connection with this Note, the parties also executed a Securities Purchase

21   Agreement ("SPA") that provided Plaintiff with a warrant to purchase up to

22   23,000,000 shares of Sanwire common stock subject to the conditions of the

23   Note. (ECF No. 10-3.) The purchase price of the Note was $100,000.00. On

24   October 12, 2021, Plaintiff wired this amount to Sanwire. (ECF Nos. 10-2, 10-4.)

25            Section 1.1 of the Note states:

26                      Conversion Right. The Holder shall have the right from
                        time to time, and at any time during the period wherein
27                      this Note remains outstanding, each in respect of the
                        remaining outstanding principal amount of this Note to
28

                                              1

> convert all or any part of the outstanding and unpaid principal, interest and default (if any) amount of this Note into fully paid and non-assessable shares of Common Stock . . .

(ECF No. 10-1 at 3.)

On January 23, 2024, Plaintiff sent a Notice of Conversion to Defendant's transfer agent, as required by section 1.4(a) of the Note, whereby Plaintiff Trillium exercised its right to convert $11,375.00 of the principal balance and $1,247.46 of the accrued, unpaid interest balance of the Note into shares of Defendant Sanwire common stock. (ECF No. 10-5.) In response, Defendant communicated to Plaintiff that it did not have sufficient shares to honor the conversion notice and issue the shares, and that it was "currently blocked from issuing any further shares at the moment."

Under section 3.2 of the Note, a failure to issue shares of common stock, or an announcement or threat in writing that it will not do so, constitutes an "Event of Default." (ECF No. 10-1 at 7.) The Note also states:

> UPON THE OCCURRENCE AND DURING THE CONTINUATION OF ANY EVENT OF DEFAULT SPECIFIED IN SECTION 3.2, THE NOTE SHALL BECOME IMMEDIATELY DUE AND PAYABLE AND THE BORROWER SHALL PAY TO THE HOLDER, IN FULL SATISFACTION OF ITS OBLIGATIONS HEREUNDER, AN AMOUNT EQUAL TO: (Y) THE DEFAULT AMOUNT (AS DEFINED HEREIN); MULTIPLIED BY (Z) TWO (2).

(*Id.* at 9.) Additionally, section 1.4(e) provides for a "fail to deliver fee":

> [I]f delivery of the Common Stock issuable upon conversion of this Note is not delivered by the Deadline due to action and/or inaction of the Borrower, the Borrower shall pay to the Holder $2,000 per day in cash, for each day beyond the Deadline that the Borrower fails to deliver such Common Stock (the "Fail to Deliver Fee").

//

//

2

1    (*Id.* at 4.) Section 4.9 of the Note also provides for injunctive remedies:

2

3                 [T]he Borrower acknowledges that the remedy at law for a breach of its obligations under this Note will be inadequate and agrees, in the event of a breach or

4                 threatened breach by the Borrower of the provisions of this Note, that the Holder shall be entitled, in addition

5                 to all other available remedies at law or in equity, and in addition to the penalties assessable herein, to an

6                 injunction or injunctions restraining, preventing or

7                 curing any breach of this Note and to enforce specifically the terms and provisions thereof.

8

9    (*Id.* at 11.)

10        When Defendant failed to issue common stock pursuant to the Notice of

11 Conversion, Plaintiff sent two letters to Defendant; the first was a notice of default

12 and the second was to try to achieve an amicable solution. (ECF Nos. 10-6, 10-

13 7.) Defendant's response stated, "this dispute is with Intercept Music Inc., a

14 Sanwire subsidiary, who received the said funds directly and has direct

15 responsibilities. The Note was negotiated with Intercept Music Inc. prior to my

16 arrival as CEO of Sanwire." Defendant continued to claim it did not have

17 sufficient shares to fulfill its contractual obligation.

18        Plaintiff subsequently filed this suit for breach of contract. Plaintiff filed the

19 complaint in this action on March 21, 2024. (ECF No. 1.) The record reflects that

20 Defendant was served with the summons and complaint on March 26, 2024. (ECF

21 No. 5.) Defendant, however, never appeared in this action nor filed an answer or

22 a responsive pleading. On May 10, 2024, Plaintiff moved for an entry of default

23 against Defendant. (ECF No. 8.) On May 28, the Clerk entered default against

24 Defendant for failure to plead or otherwise defend in this action. (ECF No. 9.) On

25 September 9, 2024, Plaintiff filed the instant motion for default judgment against

26 Defendant, which the Court now considers. (ECF No. 10.)

27 **II.**     **LEGAL STANDARD FOR DEFAULT JUDGMENT**

28        Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against

1    whom a judgment for affirmative relief is sought has failed to plead or otherwise

2    defend . . . the clerk must enter the party's default." Under Federal Rule of Civil

3    Procedure 55(b), after default has been entered, a party seeking relief other than

4    a sum certain must apply to the Court for a default judgment. Here, default was

5    entered on May 28, 2024 (ECF No. 9) and Plaintiff subsequently filed the instant

6    motion seeking default judgment.

7    In deciding whether to grant default judgment, the Court considers a range

8    of factors, including "(1) the possibility of prejudice to the plaintiff, (2) the merits

9    of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of

10   money at stake in the action, (5) the possibility of a dispute concerning material

11   facts, (6) whether the default was due to excusable neglect, and (7) the strong

12   policy underlying the Federal Rules of Civil Procedure favoring decisions on the

13   merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)

14   (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). "Upon default,

15   the factual allegations in the complaint are taken as true, except those related to

16   the amount of damages." *Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC

17   (BGS), 2018 WL 11408584, at *2 (S.D. Cal. Mar. 21, 2018) (citing *Geddes v.

18   United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

19   **III.    ANALYSIS**

20   **A. Possibility of Prejudice to Plaintiff**

21   The possibility of prejudice to the plaintiff may be satisfied by showing

22   harm and showing that a plaintiff lacks other recourse without default judgment.

23   *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal.

24   July 8, 2021); *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, No. 2:22-CV-

25   01648-GMN-BNW, 2024 WL 1160715, at *3 (D. Nev. Mar. 15, 2024). Plaintiff

26   alleges that Defendant has failed to issue shares to Plaintiff pursuant to the Note,

27   constituting an Event of Default. Under the terms of the Note, this means that

28   the Note is immediately due to Plaintiff, and Defendant owes Plaintiff the "Default

1    Amount" multiplied by two, as well as $2,000 per day for each day Defendant has

2    failed to deliver the shares. Defendant has not returned any funds to Plaintiff,

3    paid any penalties, or transferred the shares to Plaintiff. As Defendant has failed

4    to enter an appearance and defend this action, a default judgment is the only

5    means available to compensate Plaintiff for these harms. *See Wecosign, Inc. v. IFG*

6    *Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012); *Amini Innovation*

7    *Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). This

8    factor therefore weighs in favor of entry of default judgment.

9    **B. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint**

10    "Under the second and third *Eitel* factors the Court must examine whether

11    the Plaintiff has plead facts sufficient to establish and succeed upon its claims."

12    *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010)

13    (citing *Eitel*, 782 F.2d at 1471). "'When reviewing a motion for default judgment,

14    the Court must accept the well-pleaded allegations of the complaint relating to

15    liability as true.'" *Amini*, 768 F. Supp. 2d at 1053 (citing *TeleVideo Systems Inc.*

16    *v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987)). To plead a breach of contract,

17    a plaintiff must allege "(1) the existence of a valid contract, (2) that the plaintiff

18    performed, (3) that the defendant breached, and (4) that the breach caused the

19    plaintiff damages." *See Iliescu v. Reg'l Transp. Comm'n of Washoe Cnty.*, 522 P.3d

20    453, 458 (Nev. App. 2022).

21    Here, Plaintiff alleges that the parties entered into enforceable contracts

22    (the Note, SPA, and Warrant); that Plaintiff performed by paying Defendant the

23    purchase price for the Note; that Defendant breached the contracts by failing to

24    deliver shares to Plaintiff under Sections 1.3 and 1.4(c) of the Note; and that

25    Plaintiff has suffered damages as a result because without the shares it is entitled

26    to, Plaintiff is deprived of the opportunity to sell the shares at the prices available

27    on the market. Taking these allegations in the complaint as true, Plaintiff has

28    adequately alleged a breach of contract claim. This factor accordingly weighs in

1   favor of an entry of default judgment.

2   **C. Sum at Stake in Relation to Seriousness of Conduct**

3   Under the fourth *Eitel* factor, "the Court considers the amount of money

4   requested in relation to the seriousness of the defendant's conduct, whether large

5   sums of money are involved, and whether the recovery sought is proportional to

6   the harm caused by [the] defendant's conduct." *Next Gaming, LLC v. Glob. Gaming*

7   *Grp., Inc.*, Case No. 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev.

8   July 13, 2016) (citations and internal quotations omitted). Here, Plaintiff requests

9   the following relief: 1) an injunction mandating Defendant to issue shares in the

10  total amount owed under the Notice of Conversion, as accelerated, including

11  principal amount, all interest, and penalties, and 2) damages in the amount of

12  $2,000 per day for each day that Defendant failed to issue common stock

13  pursuant to the Notice of Conversion from the January 26, 2024 deadline until

14  the Court's entry of judgment. Defendant also seeks attorneys' fees and interest.

15  The damages Plaintiff seeks were agreed to by the parties in their execution

16  of the Note. The Note provides that if the Defendant is in Default, the Note would

17  be come immediately due and payable, and Defendant would be required to pay

18  Plaintiff the "Default Amount" multiplied by two. (ECF No. 10-1 at 9.) The Note

19  also provides that Defendant shall owe Plaintiff $2,000 per day for each day that

20  it has failed to issue shares of common stock after the deadline to do so. (*Id.* at

21  4.) Finally, the Note provides for payment of reasonable attorneys' fees from

22  Defendant to Plaintiff if there is a Default. (*Id.* at 11.) Because Defendant agreed

23  to these damages when it executed the Note, the sum of money "is not

24  unreasonable or too large, and directly relates to the seriousness of Defendant's

25  conduct." *Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, No. 2:22-CV-2117,

26  2022 WL 3574413, at *3 (C.D. Cal. June 7, 2022). The Court finds that the

27  damages here are therefore proportional to the harm caused.

28  //

**D. Possibility of Dispute Concerning Material Facts**

After the Clerk has entered default, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems*, 826 F.2d at 917–18). Plaintiff has sufficiently plead allegations which support a cause of action for breach of contract. Accordingly, this factor supports an entry of default judgment.

**E. Excusable Neglect by Defendant**

The sixth *Eitel* factor "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign*, 845 F. Supp. 2d at 1082; *Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (possibility of excusable neglect was remote where defendant was properly served and failed to appear). Here, the record reflects that Defendant was properly served when the summons and complaint were served on Legalinc Corporate Services, Inc., the registered agent of Sanwire on March 26, 2024. (ECF No. 5.) Defendant did not enter an appearance or respond in this action. Accordingly, this factor supports an entry of default judgment.

**F. Policy Favoring a Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, here Defendant's failure to appear in this action "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. While this factor weighs against entering default judgment, it does not preclude the Court from granting default judgment. *Id.* As is here, where a defendant's failure to appear makes a decision on the merits impossible, default judgment is appropriate. *See Craigslist*, 694 F. Supp. 2d at 1061.

Based on the factors above, Court finds that Plaintiff is entitled to default

1  judgment against Defendant in the form of its requested injunctive relief and for

2  monetary damages. The Court will order Plaintiff to submit supplemental briefing

3  on the calculation of damages and reasonable attorneys' fees. Damages and

4  attorneys' fees will be determined after the Court considers said supplemental

5  briefing.

6  **IV.    CONCLUSION**

7        It is therefore ordered that Plaintiff's motion for default judgment (ECF No.

8  10) is GRANTED.

9        It is further ordered that based on the information before it, Plaintiff is

10  entitled to the requested injunctive relief. Defendant is hereby ordered to issue

11  the shares to Plaintiff in the total amount owed under the Notice of Conversion,

12  as accelerated, including principal amount, all interest, and penalties, pursuant

13  to the requirements of section 1.1 of the Convertible Promissory Note.

14        It is further ordered that Plaintiff must file supplemental briefing providing

15  a calculation of the total amount owed as damages, as well as a calculation of the

16  pre-judgment and post-judgment interest Plaintiff seeks and the legal basis for

17  such interest. The Court will also grant Plaintiff's request to submit supplemental

18  briefing on reasonable attorneys' fees and costs incurred. Plaintiff shall submit

19  said supplemental briefing within thirty days of the date of this order.

20

21        Dated this 8th day of May 2025.

22

23

24  _____
ANNE R. TRAUM

25  UNITED STATES DISTRICT JUDGE

26

27

28