UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRILLIUM PARTNERS, L.P., <br><br> Plaintiff, <br> vs. <br> SANWIRE CORPORATION, <br><br> Defendant. | Case No. 2:24-cv-00562-ART-BNW <br><br> ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br> (ECF No. 12) |

Plaintiff Trillium Partners, L.P. brings this action against Defendant Sanwire Corporation alleging breach of contract. Before the Court is Defendant's motion to set aside default judgment and stay enforcement of the judgment. (ECF No. 12.) For the reasons discussed below, the Court grants Defendant's motion to set aside default.

**I.  BACKGROUND**

Plaintiff filed the complaint in this action on March 21, 2024. (ECF No. 1.) The record reflects that Defendant was served with the summons and complaint on March 26, 2024. (ECF No. 5.) Defendant, however, never appeared in this action nor filed an answer or a responsive pleading. On May 10, 2024, Plaintiff moved for an entry of default against Defendant. (ECF No. 8.) On May 28, the Clerk entered default against Defendant for failure to plead or otherwise defend in this action. (ECF No. 9.) On September 9, 2024, Plaintiff filed its motion for default judgment against Defendant (ECF No. 10,) and May 8, 2025, the Court granted the motion. (ECF No. 11.) Defendant then filed this motion to set aside default on May 22, 2025. (ECF No. 12.) Plaintiff responded. (ECF No. 14.) Defendant replied. (ECF No. 17.)

**II.  LEGAL STANDARD FOR VACATING DEFAULT JUDGMENT**

A court may set aside an entry of default for good cause. Fed. R. Civ. P.

55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted). Courts consider three factors to determine good cause: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010). In deciding whether to set aside a default judgment, courts are guided by two concerns: Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied; and judgment by default is a drastic step appropriate only in extreme circumstances. *MetroPCS v. A2Z Connection, LLC*, 2018 WL 3785384, *5 (D. Nev. Aug. 9, 2018) (citing to *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### III. ANALYSIS

#### a. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal citations omitted) (emphasis in original). "Intentionally," in this context, means the defendant acted in bad faith "to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Sundance Media Group, LLC v. Yuneec USA, Inc.*, No. 2:18-cv-0388-APG-PAL, 2018 WL 6435887 at *1 (citing *TCI Grp. Life. Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698. Failure to appear without any actual notice of the lawsuit amounts to excusable neglect, mistake, or surprise under Rule 60(b)(1), regardless of whether process was served lawfully

1    in compliance with a court order under Rule 4(f)(3). *Las Vegas Sands Corp. v.*
2    *First Cagayan Leisure & Resort Corp.*, No. 2:14-cv-424-JCM-NJK, 2016 WL 44781
3    at *3 (D. Nev. Feb. 3, 2016) (citing *Mullane v. Central Hanover Bank & Trust Co.*,
4    339 U.S. 306, 314-15 (1950)).

5        Corporations can be served "by delivering a copy of the summons and of
6    the complaint to an officer, a managing or general agent, or any other agent
7    authorized by appointment or by law to receive service of process . . . ." Fed. R.
8    Civ. P. 4(h)(1)(B). Nevada state law allows an entity or association to be served by
9    delivering a copy of the summons and complaint to "the registered agent or the
10   entity or association." Nev. R. Civ. P. 4.2(c)(1)(A).

11       Defendant argues that it never received actual notice of the summons or
12   complaint, because its registered agent sent the summons to Intercept Music,
13   Inc., and therefore its failure to defend was not intentional. (ECF Nos. 12 at 6; 17
14   at 7; Ex. H.) Plaintiff argues that it served all papers and pleadings to the correct
15   registered agent to provide Defendant notice and that Defendant's quarterly
16   report ending on March 31, 2025, indicated that Defendant was aware of the
17   filing of the complaint. (ECF No. 14 at 6-7.) Defendant adds that the quarterly
18   report was authored and signed on May 20, 2025, two days before it filed its
19   motion to set aside default judgment, and updated to reflect the current suit.
20   (ECF No. 17 at 7.) In *Sundance*, the court found that the defendant's explanation
21   for not responding to a counterclaim because an administrative assistant failed
22   to calendar the deadline was sufficient to demonstrate lack of culpability despite
23   multiple communications by opposing counsel. *Sundance Media Group, LLC*,
24   2018 WL 6435887 at *1. Although the court found that the deficiency deserved
25   "strong criticism," it did not rise to the level of bad faith. *Id.* So it is here.
26   Defendant offers a plausible explanation of how a signed proof of service and the
27   quarterly report is not indicative of actual notice of the lawsuit. Therefore, the
28   Court finds that the Defendant's conduct is not culpable.

### b. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Las Vegas Sands Corp.*, 2016 WL 447481 at *3 (citing *Mesle*, 615 F.3d at 1094). "The question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default," which would be the subject of later litigation. *Mesle*, 615 F.3d at 1094.

Defendant argues that it has several potential meritorious defenses to the action: that Plaintiff's claim is founded upon a void and unenforceable contract, responsibility belongs to a third party, accord and satisfaction has already been met, the contract is unenforceable due to unconscionability, and Plaintiff breached the duty of good faith and fair dealing. (ECF No. 17 at 8, 11.) Plaintiff claims that any dispute between Defendant and its subsidiary does not bear on Plaintiff's rights, and that the failure to issue shares to the Plaintiff was intentional. (ECF No. 14 at 8.)

Defendant alleges specific facts that the Convertible Promissory Note ("the Note") was negotiated with Intercept Music, Inc., and funds were dispersed to Intercept Music, Inc., not Defendant. (ECF No. 17.) It cites section 1.2 of the Note for the assertion that Plaintiff attempted to convert the shares at a rate six times the rate described in the Note in bad faith. (*Id.* at 9.) Taking its allegations as true, Defendant has presented sufficient facts and arguments for a meritorious defense to set aside default judgment.

### c. Prejudice to the Opposing Party

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Las Vegas Sands Corp.*, 2016 WL 447841 at *4 (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). "It is obvious that merely being forced to litigate on the merits

4

cannot be considered prejudicial for purposes of lifting an entry of default." *Id.* (internal citations omitted).

Plaintiff argues that it will be "forced to expend more resources on attorney's fees and costs and simultaneously deprive [it] of the ability to sell the shares it is due." (ECF No. 14 at 7.) This is the same position that Plaintiff would be in had Defendant responded to the summons and litigated the case. Therefore, this factor weighs in favor of setting aside judgment.

Therefore, the Court will set aside the default judgment. For this reason, there is no reason to stay enforcement.

## IV.   CONCLUSION

It is therefore ordered that Defendant's motion to set aside default judgment (ECF No. 12) is GRANTED.

It is further ordered that Defendant's motion to stay enforcement of the default judgment is DENIED as MOOT.

Dated this 2nd day of December, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE